IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

CHERYL A. PAULEY, ET AL., )
)
    Plaintiffs, ) Case No. 1:21CV46
)
v. ) **OPINION**
)
HAROLD W. CLARKE, DIRECTOR, ) JUDGE JAMES P. JONES
VIRGINIA DEPARTMENT OF )
CORRECTIONS, )
)
    Defendant. )

*Cheryl A. Pauley, Pro Se Plaintiff.*

The plaintiff has submitted an Application to Proceed in District Court without Prepaying Fees and Costs, along with a proposed Complaint and numerous exhibits thereto.[1] She appears to assert a claim for the wrongful death of her son, Tavon Pauley, who died on May 5, 2019, while an inmate in a state prison located in this judicial district. She contends that her son did not receive proper medical care by prison authorities, resulting in his death.

---

[1] The hand-written Complaint, which is dated April 12, 2021, names various public officials as defendants, but the Application dated September 17, 2021, and the Civil Cover Sheet submitted name only Director Clarke as a defendant. In any event, the result would be the same. There is some indication that she has filed other lawsuits over the death of her son, perhaps in state court, but that is not clear.

Federal pleading standards require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In evaluating a complaint, the court accepts as true all well-pled facts and construes those facts in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is understood that a pro se complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nevertheless. even under this less stringent standard, a pro se complaint is subject to sua sponte dismissal when it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

While I certainly sympathize with the plaintiff on the sad loss of her son, it is plain that she has not set forth any specific basis for her contention that defendant Clarke, or any other prison official, caused that death through negligence or a violation of her son's constitutional rights. Accordingly, I must find that she has failed to set forth a proper cause of action. While I will grant her motion to file the Complaint without prepayment of costs or fees, I will dismiss the case without prejudice pursuant to § 1915(e)(2)(B)(ii).

A separate final order will be entered.

DATED: November 22, 2021

/s/ JAMES P. JONES
Senior United States District Judge